UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **LEROY BROWN** | * | **CIVIL ACTION NO. 11-1684** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the district court, is plaintiff's motion for an attorney fee pursuant to 42 U.S.C. § 406(b) [doc. # 20]. The Commissioner did not file a response; therefore the motion is deemed unopposed. *See* Notice of Motion Setting [doc. # 21].[1] The matter is now before the court.

**Background and Timeline**

On September 16, 2011, Leroy Brown filed the instant complaint for review of the Commissioner's denial of social security disability benefits. On January 7, 2013, the court entered a judgment reversing and remanding the matter to the Commissioner for further proceedings. (Jan. 7, 2013, Judgment [doc. # 19]). On March 11, 2013, plaintiff filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA Fee Petition"). Thereafter, the court signed a Joint Stipulated Order that awarded plaintiff EAJA fees in the amount of $2,775.00. (April 5, 2013, Order [doc. # 19]).

---

[1] Although the Commissioner has no direct financial interest in the § 406(b) award, she acts as a trustee on behalf of the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

On January 24, 2016, plaintiff's counsel[2] filed the instant motion for an attorney fee pursuant to 42 U.S.C. § 406(b) (sometimes referred to herein as "406(b) Fee Motion"). Counsel intimated that, following remand, the Commissioner awarded plaintiff past due benefits, possibly totaling $50,584. *See* Motion.[3] According to an SSA notice dated January 19, 2016, the Commissioner retained $6,646.00:

> which represents the balance of 25 percent of the past due benefits payable to Leroy Brown as required by Section 206(b) of the Social Security Act. This amount has been withheld since **May 05, 2015**. We previously paid you $ 6,000 minus a user fee under section 206(a) of the Social Security Act., as amended, for your services **before the Social Security Administration**. **You previously received our notice that a fee petition should be submitted to the United States District Court for the Western District of Louisiana for a fee for your services before the court.**

(Jan. 19, 2016, SSA Important Information; 406(b) Fee Motion, Exh.) (emphasis added). Plaintiff's counsel now seeks to recover the remaining $6,646.00 that is being held by the SSA as 406(b) fees for his work before this court. In effect, counsel is seeking a fee that amounts to thirteen percent of plaintiff's past due benefits ($6,646/$50,584) as compensation for his work expended on his client's behalf in federal court.

In further support of the 406(b) petition, counsel submitted a Contract of Employment for Social Security ("Contract") that was signed by plaintiff and counsel on June 28, 2010. (Contract; 406(b) Fee Motion, Exh.). The Contract specifies that plaintiff agreed to pay his attorney 25% of any and all past due benefits, in the event that the attorney recovered benefits on

---

[2] Plaintiff's attorney is the real party in interest for purposes of the instant motion. *Gisbrecht*, 535 U.S. at 798, n6.

[3] The exact amount of plaintiff's past due benefits is not clear because counsel did not attach a copy of the Commissioner's notice of award. The court derived the $50,584 figure by multiplying $12,646 – the total figure that the Commissioner withheld to pay plaintiff's attorney which typically represents 25 percent of the claimant's past due benefits – times four. *See* Jan. 19, 2016, SSA Important Information; 406(b) Fee Motion, Exh.

plaintiff's behalf. *Id*. The Contract added, however, that counsel would not be responsible for representing plaintiff in a claim for disability benefits before any federal court – unless a new contract was signed. *Id*.

### Law and Analysis

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In *Gisbrecht v. Barnhart*, the Supreme Court recognized that contingent-fee agreements remain the primary source for determining the fee that a claimant owes his attorney for representation in federal court. *Gisbrecht*, 535 U.S. at 807, 122 S.Ct. at 1828. Under § 406(b), the court first must determine whether a fee agreement has been executed between the plaintiff and his attorney. *Garcia v. Astrue*, 500 F .Supp.2d 1239, 1242 (C.D. Cal. 2007) (citation omitted).

Here, the Contract adduced by plaintiff contemplates work performed before the SSA – *not work before the court*. Furthermore, counsel did not adduce a copy of a written contingency fee agreement for work performed before this court.[4] Accordingly, the court cannot find that counsel is entitled to a § 406(b) fee.

---

[4] Contingency fee agreements must be in writing. *In re Hebert*, No. 14-30559, 2015 WL 5813438, at *3 (Bankr. W.D. La. Oct. 5, 2015).

The court further observes that a § 406(b) motion must be filed within 14 days after entry of judgment. *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir.2006). Here, judgment was entered on January 7, 2013. [doc. # 15]. The court appreciates that plaintiff was unable to file a § 406(b) fee motion until after a favorable award by the Commissioner, following remand. However, within the 14 day period, plaintiff could and should have protected his ability to submit a § 406(b) fee motion by obtaining an extension of time until after the Commissioner issued a notice of award. This, he did not do. Moreover, the SSA Notice sent to plaintiff's counsel suggests that the Commissioner previously notified counsel of his need to file a fee petition with the court. (SSA Important Information). There is no indication, however, that plaintiff filed the instant motion within 14 days of the prior notice. Therefore, the court finds no grounds for excusable neglect. Fed.R.Civ.P. 6(b)(1).

Finally, when, as sought here, the district court awards attorney's fees under both the Equal Access to Justice Act and § 406(b), the claimant's attorney is required to refund to the claimant the smaller of the two fees in order to avoid criminal sanctions. *Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir.2010) (citations omitted); *Gisbrecht, supra*. Plaintiff's motion and proposed order, however, does not acknowledge counsel's obligation.

## Conclusion

For the above-stated reasons,

IT IS RECOMMENDED that plaintiff's motion for an attorney fee pursuant to 42 U.S.C. § 406(b) [doc. # 20] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

**fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 25th day of February, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE